EXHIBIT A

No 2013-DCV-5868-D

| | |
|---|---|
| JAMES WILKINS | IN THE DISTRICT COURT OF NUECES |
| v | COUNTY, TX. |
| NUECES COUNTY | JUDICIAL DISTRICT |

PLAINTIFF ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS SAID COURT:

PLAINTIFF JAMES WILKINS COMPLAINS OF DEFENDANT, NUECES COUNTY AS FOLLOWS:

I

JAMES WILKINS, AT ALL TIMES RELEVANT TO THIS PETITION, RESIDES AT THE NUECES COUNTY JAIL 78401 NUECES COUNTY, TX.

DEFENDANT, NUECES COUNTY / COUNTY COMMISSIONERS COURT RESIDES AT 901 LEOPARD ST. NUECES COUNTY, TX WHERE PROCESS MAY BE SERVED.

FILING FEE NOT PAID

II

I, JAMES WILKINS, PLAINTIFF COMPLAINS THAT THE COUNTY IS LIABLE FOR ALLOWING MYSELF TO GO WITHOUT A MATTRESS, SHEET AND BLANKET FOR TWO (2) AND THREE (3) DAYS I WAS MADE TO WAIT IN THE NUECES COUNTY JAIL HOLDING CELLS. NUECES COUNTY (COUNTY JAIL AUTHORITIES / NUECES COUNTY SHERIFFS DEPARTMENT) DELIBERATELY, KNOWINGLY, DECEPTIVELY AND FRAUDULENTLY PLACED UPON MYSELF THE BURDEN OF SLEEPING ON COLD AIR, COLD STEEL BENCHES AND DIRTY CONCRETE HOUSING CELL FLOORS WITHOUT PADDING OR COVERING

2

IN WHICH TO PROTECT MYSELF FROM CONCRETE FLOORS.

## II

ON JULY 18, 2012, I JAMES WILKINS PLAINTIFF BEGAN ASKING JAIL STAFF, AND ULTIMATELY THE NUECES COUNTY SHERIFF HIMSELF AS TO WHY I HAD NOT BEEN PROVIDED WITH "BEDDING AND LINENS" WHILE IN THE JAILS HOLDING CELLS. JAIL LT. GOMEZ # 7919, STATED ON 7/26/13, VIA A RETURNED "REQUEST" THAT "TEXAS LAW IN JAIL 48 HOURS TO GET UNIFORM, 72 HOURS TO GET MATTRESS, BED ROLL ETC. YOU CAME IN ON 7/9/13 AT 1800 AND SENT TO ANNEX 7/10/13 AT 1825 LT. GOMEZ 7919 7/26/13." (OVERNIGHT NO MATTRESS).

NOT INCLINED TO BELIEVE THAT OUR STATE GOVERNMENT WOULD ALLOW FOR INMATES TO SLEEP ON FLOORS, I BEGAN TO SEARCH FOR THE MANDATE'S REQUIRING THAT TEXAS JAILS PROVIDE FOR AT LEAST SOME SORT OF BARRIER BETWEEN MYSELF AND THE BARE FLOOR.

ON 9/24/13 I LOCATED THE RULE REQUIRING THAT TEXAS JAILS/COMMISSIONERS COURT AFFORD BEDDING AND LINENS TO ALL INMATES HELD OVERNIGHT IN HOLDING CELLS.

LOCATED IN THE TEXT OF THE TEXAS COMMISSION ON JAIL STANDARDS CHAPTER 273.7 BEDDING AND LINENS IS THE RULE STATING THAT "A SUFFICIENT ISSUE OF BEDDING AND LINENS TO EACH INMATE TO BE DETAINED OVERNIGHT SHALL INCLUDE BUT SHALL NOT BE LIMITED TO THE FOLLOWING CLEAN, SAFE AND SERVICEABLE ITEMS. (1) ONE MATTRESS (2) ONE SHEET OR MATTRESS COVER(3) ONE TOWEL (4) ONE BLANKET OR MORE DEPENDING UPON CLIMATE CONDITIONS".

ON 9/25 AND 26/13 I SENT WILKINS COMMUNICATED BY LETTER SENT LAST CHAPTER JR. & CAPTAIN AND SHERIFF JIM KAELIN ASKING THAT THEY PLEASE EXPLAIN WHY THE COUNTY REFUSES TO PROVIDE SLEEPING MATERIALS

3

For inmates placed in holding overnight. Of the 4 request sent out I only received one back from Sgt. Agoayo. Attached was the rule I had brought to his attention (Chapter 277.8 Bedding and Linens) but this version read different from what I had written to him as copied from the original text. This version was modified to read as follows: "A standard issue of bedding and linens to each inmate to be ~~detained overnight~~ placed in housing, shall include, but shall not be limited to the following clean, safe, serviceable items. **Inmates detained in a holding cell/detoxification cells should receive the following items:** (1) One mattress (2) One sheet or mattress cover (3) One towel (4) One blanket or more depending on climatic conditions.

The words "detained overnight" had a line drawn through as if to imply that the words were nullified. The words "placed in housing" and "inmates detained in holding cell/detoxification cells should receive the following;" were printed in bold lettering, as if to help promote or place significant emphasis on their worth. Also at the top left hand corner of the new modified rule were the words "This was changed in 2012 - see below."

When I saw how the provision/rule/mandate was now made to read, I concluded that someone of the county or related had purposely, maliciously and deliberately deceitfully and fraudulently changed (deleted and added) wording in order to have the provision read as a recommendation as opposed to a requirement.

FOR COMPLIANCE. OFFICER GOMEZ (GRIEVANCE OFFICER), STATED THAT SHE WENT ON-LINE AND FOUND OUT THAT THE RULE HAD BEEN CHANGED. I HAD RECEIVED THE CHANGED VERSION WHEN I RECEIVED THE RETURNED REQUEST FROM SGT. AGUAYO.

I DIDN'T CONFRONT HER ON THE CHANGED WORDING, BUT SOUGHT AN OUTSIDE SOURCE OF HELP TO GO TO THE TEXAS COMMISSION ON JAIL STANDARDS WEB-SITE (tcjs.state.tx.us) AND CONFIRM OR DENY THAT THE TEXT (DELETED AND ADDED) ON THE SHEET OF PAPER IN QUESTION WAS IN FACT ACCURATE OR NOT. IT WAS DETERMINED THAT THE DEFINITION HAD BEEN MODIFIED TO READ AS A RECOMMENDATION RATHER THAN A REQUIREMENT, BY SOMEONE OF THE COUNTY OR PRINTER.

IV.

TO THIS EXTENT HAS THE COUNTY OF NUECES GONE TO IN ORDER TO PERPETUATE THEIR MALICIOUS PRACTICES AT THE EXPENSE OF MYSELF AND THOUSANDS MORE.

I HAVE IN MY POSSESSION DOCUMENTED STATEMENTS THAT WILL PROVE BEYOND A REASONABLE DOUBT THAT I HAD BEEN DENIED (PURPOSELY) THE PROVISIONS SET FORTH BY THE TEXAS COMMISSION ON JAIL STANDARDS, NAMELY BEDDING AND LINENS. AND THAT ONCE IT WAS DISCOVERED THAT I HAD IN MY POSSESSION INFORMATION THAT WOULD FACTUALLY PROVE THAT THE COUNTY HAD NOT ACTED IN ACCORDANCE WITH STATE JAIL RULES. THEY THEN TRIED TO COVER UP THEIR WRONGS BY ACTS OF FRAUD AND DECEPTION.

5

CLAIM FOR RELIEF: Because of the natures of the offenses suffered by myself. Physical discomfort, mental anguish, and emotional despair and embarrassment, but also because the County of Nueces knew and or should have known that "the actions or inactions related to pretrial detainees is considered punishments."

I would have the court rule in my favor and award myself punitive damages in the amount of ($15,000,000) dollars

Wherefores plaintiff prays that on final hearing of this petition the court award the amount specified for injuries caused by the defendant Nueces County

Respectfully Submitted
James Wilkins
James Wilkins