UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES WILKINS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-5 |
| | § | |
| NUECES COUNTY TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS FEDERAL CLAIMS WITH PREJUDICE
<u>AND REMAND STATE LAW CLAIMS</u>**

This case was removed to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  Upon agreement and request of the parties, it is respectfully recommended that, to the extent Plaintiff's complaint attempts to raise federal constitutional violations, those claims be dismissed with prejudice. It is respectfully recommended further that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand those claims to the 105th Judicial District Court of Nueces County, Texas.

**I.      Jurisdiction.**

The Court has federal question jurisdiction.  28 U.S.C. § 1331.

**II.      Procedural background and Plaintiff's claims.**

Plaintiff James Wilkins is a Texas state prisoner who is currently confined at the Dominguez State Jail in San Antonio, Texas, although his complaint concerns events that occurred while he was a pretrial detainee held at the Nueces County Jail.

On November 25, 2013, Plaintiff filed suit in state district court in Nueces County complaining about the conditions of confinement at the Nueces County Jail and alleging that Nueces County had failed to comply with the standards mandated by the Texas Commission on Jail Standards ("TCJS").   (*See* D.E. 1-2, pp. 1-5, copy of Plaintiff's original petition filed in Case No. 2013-DCV-5868-D, styled *Wilkins v. Nueces County, Texas,* in the 105th Judicial District Court of Nueces County, Texas).

On January 6, 2014, Nueces County removed the action to this Court on the grounds that Plaintiff's allegations against the Jail were properly characterized as Eighth Amendment challenges to his conditions of confinement, thus supporting federal question jurisdiction via 42 U.S.C. § 1983.  (*See* D.E. 1, p.1).

On January 13, 2014, Nueces County filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's allegations that he was deprived of a mattress, sheet and blanket for several nights on several occasions when placed in a Jail holding cell failed to state a cognizable constitutional violation and also, that he failed to allege any facts to suggest that Nueces County had an unconstitutional policy or practice in regards to the bedding provided to inmates.  (D.E. 7).

On February 6, 2014, Plaintiff filed a motion to remand stating unequivocally that his allegations against Nueces County did not concern or invoke federal law nor did he seek relief from a federal court.  (D.E. 10, 11).

On February 14, 2013, Nueces County filed a response in opposition to Plaintiff's motion to remand arguing that, despite Plaintiff's allegation that the County had mischaracterized his claims, his original petition did in fact allege federal claims challenging the conditions of his confinement such that the Court had subject matter jurisdiction.  (D.E. 13).

On February 24, 2014, Plaintiff filed a "motion for reversal of dismissal of Nueces County."[1]  (D.E. 17).

On March 3, 2014, Plaintiff filed his First Amended Motion to Remand (D.E. 18) and a notice of "non-consent" to proceed before a U.S. Magistrate judge. (D.E. 19).

On March 7, 2013, Nueces County filed a response to Plaintiff's pleadings, pointing out that Nueces County has not been dismissed, and arguing that remand is not appropriate because the gravamen of Plaintiff's complaint is that that Nueces County did not provide a mattress, sheet, or blanket while he was confined in a holding cell in violation of his due process rights under the Fourteenth Amendment, or alternatively, that the conditions at the Nueces County Jail violated the Eighth Amendment, both of which are cognizable under § 1983.  (D.E. 20).

---

[1] This motion is moot because Nueces County was never dismissed from this lawsuit.

On March 10, 2014, a *Spears*[2] hearing was conducted to afford Plaintiff an opportunity to better explain his claims.   The following allegations were made in Plaintiff's original state court petition (D.E. 1-2), motion to remand (D.E. 10, 11) and/or testimony at the hearing:

On July 9, 2013, Plaintiff was arrested and brought to the Nueces County Jail.  He was placed in a holding cell overnight, and during that time, he was not provided with a mattress, sheet, or blanket.  The next day, Plaintiff was transferred to the Jail's Annex.  At the Annex, Plaintiff was provided with proper bedding items.

In mid-July 2013, Plaintiff learned of the TCJS's mandate that an inmate "detained overnight," be provided with "a standard issue of bedding and linen."  To protest Nueces County's failure to comply with the TCJS bedding standard, Plaintiff began a hunger strike.  In response to Plaintiff's hunger strike, the County transferred Plaintiff back to the Annex and placed him in a holding cell on suicide watch for three days, during which time he was denied bedding and linens.

After the hunger strike, Plaintiff was released from the holding cell and given proper bedding.  Approximately two to three weeks later, in September 2013, Plaintiff refused a housing assignment due to a conflict with another inmate.  He was pulled out of the cell block and placed in the intake holding cage for three days, again without any bedding.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff returned to the cell block and became a trustee.  However, in October 2013, he was given a disciplinary case for having a torn towel.  He was placed in the holding cell and his trustee status was revoked.

On October 14, 2013, Plaintiff filed a grievance requesting an explanation as to why Nueces County refused to comply with the TCJS' standards on bedding.  Sergeant Aguayo responded that in 2010, the TCJS provision regarding bedding and linen had been amended and no longer required jails to provide bedding as to every inmate held "overnight," but instead, that a mattress and bedding must be provided within 72 hours.

Plaintiff testified that his lawsuit concerns only Nueces County's alleged failures to comply with the TCJS mandates.  He stated on the record that he is not seeking relief under federal law, and is not alleging a violation of his federal constitutional rights. Indeed, Plaintiff agrees to a dismissal with prejudice of his federal claims, as long as his state law claims are remanded to state district court.

## III.  Discussion.

### A.  Legal standard.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v.*

*Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

Similarly, although a Rule 12(b)(6) motion authorizes a defendant to move to dismiss a complaint for "failure to state a claim upon which relief may be granted," the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).   To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."  *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. 2008).

**B.    Analysis.**

**(1)    Plaintiff denies federal constitutional claims.**

Plaintiff testified that, taking his allegations as true and considered in the light most favorable to him, he is not attempting to state a federal claim challenging as unconstitutional the conditions of his confinement while at the Nueces County Jail, nor is he attempting to raise a due process claim that he was entitled to notice and a hearing

before being placed in the holding cell on several different occasions.  Indeed, Plaintiff denies any physical injury caused by the County's denial of proper bedding, but argues that such conduct did amount to "unnecessary psychological cruelty." He is seeking 50 million dollars in compensatory and punitive damages against Nueces County for failing to comply with standards regarding inmate bedding as determined by the Texas Commission on Jail Standards.

Because Plaintiff is the master of his pleadings, his insistence that he does not seek to pursue a federal claim must be honored.  Therefore, it is respectfully recommended that the Court grant Nueces County's Rule 12(b)(6) motion to dismiss Plaintiff's claims against it with prejudice.

### (2)     Supplemental jurisdiction and remand.

Plaintiff's TCJS claims do not raise constitutional issues, and there is no diversity jurisdiction between Plaintiff and Nueces County.

Section 1367(a) of Title 28 authorizes a district court to exercise supplemental jurisdiction over all other claims that are so related to the claims that provide the district court with original jurisdiction.  28 U.S.C. § 1367(a).  However, that same statute provides that, if the district court dismisses the claims upon which federal court jurisdiction was originally based, especially at the onset of a proceeding, it is prudent to decline to exercise supplemental jurisdiction over any remaining state law claims and to dismiss those claims without prejudice.  *Id.* § 1367(c)(3); *Enochs v. Lampasas County,* 641 F.3d 155, 159 (5th Cir. 2011).  *See also LaPorte Construc. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986) (when district court dismisses federal claims

at a preliminary stage of litigation, judicial economy argues against exercise of supplemental jurisdiction over state claims).

With the dismissal of the federal claims, there is no basis for exercising supplemental jurisdiction to consider the validity, if any, of Plaintiff's TCJS claims. Accordingly, it is respectfully recommended that the Court dismiss without prejudice Plaintiff's state law claims against Nueces County, and that those claims be remanded to the 105th Judicial District Court of Nueces County, Texas, the original forum sought by Plaintiff.

## IV.   Recommendation.

For the reasons stated herein, it is respectfully recommended that: (1) Nueces County's Rule 12(b)(6) motion to dismiss (D.E. 7), be granted as to any and all federal constitutional or federal statutory claims that Plaintiff raised or could have raised regarding his confinement in the Nueces County Jail and/or its Annex from July 2013 through January 15, 2014; (2) that Plaintiff's state law claims be dismissed without prejudice and those claims remanded to the 105th Judicial District Court, Nueces County, Texas; and (3) any and all other pending motions be denied as moot.

Respectfully submitted this 31st day of March, 2014.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).