UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES WILKINS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-5 |
| | § | |
| NUECES COUNTY TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Plaintiff James Wilkins ("Plaintiff") filed his original complaint in the 105th Judicial District Court of Nueces County, Texas, alleging that Defendant Nueces County, Texas ("Defendant") failed to provide him a mattress, sheet, and blanket for a total of 10 days while he was being held in Nueces County Jail holding cells and then, after he complained, provided him with falsified documents to cover up its violation of Texas Commission on Jail Standards (TCJS) policies and rules. Defendant removed this action to federal court based on federal question jurisdiction under the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's guarantees of procedural and substantive due process.

Now pending before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss (D.E. 7). On March 31, 2014, Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation to Dismiss Federal Claims with Prejudice and Remand State Law Claims (D.E. 24). Defendant filed its timely objections to the M&R on April 14, 2014 (D.E. 26), to which Plaintiff responded (D.E. 27).

**I. Legal Standard**

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objection. FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* With respect to non-dispositive matters, the district court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a).

**II. Analysis**

   **A. Dismissal of Federal Claims**

Because Plaintiff denies that he is attempting to state any federal claim challenging as unconstitutional the conditions of his confinement or raise a due process claim, the M&R recommends that the Court grant Defendant's 12(b)(6) motion to dismiss Plaintiff's federal claims with prejudice. Both Parties agree with this recommendation. Accordingly, this portion of the M&R is **ADOPTED** as the opinion of the Court.

   **B. Remand of State Law Claims**

The M&R further finds that, with the dismissal of any federal claims, there is no basis for exercising supplemental jurisdiction to consider the validity, if any, of Plaintiff's remaining state law claims. As such, the M&R recommends that Plaintiff's state law claims be remanded to the 105th Judicial District Court of Nueces County, Texas.

Defendant objects to this recommendation and urges the Court to exercise supplemental jurisdiction over and dismiss Plaintiff's state law claims as well.

A district court may decline to exercise supplemental jurisdiction over a party's state law claims if it has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). The Supreme Court has counseled that district courts should examine factors such as economy, convenience, fairness, federalism, and comity in determining whether jurisdiction should be exercised. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (internal footnote omitted) (citing *Gibbs*, 383 U.S. at 727).

The Fifth Circuit has repeatedly stated its general rule that "a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial." *Brim v. ExxonMobil Pipeline Co.*, 213 Fed. App'x 303, 305 (5th Cir. 2007) (per curiam); *see also Chavers v. Hall*, 488 Fed. App'x 874, 878 (5th Cir. 2012) ("When all federal claims are dismissed or otherwise eliminated from a case prior to trial, we have stated that our general rule is to decline to exercise jurisdiction over the pendent state law claims.") (internal citations and quotations omitted); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is

to dismiss state claims when the federal claims to which they are pendent are dismissed.").

Defendant nonetheless urges the Court to exercise supplemental jurisdiction over Plaintiff's intentional tort claim and dismiss this claim with prejudice because it is "absolutely clear" that this claim would be dismissed by the state court, as the Texas Tort Claims Act (TTCA) does not waive Defendant's sovereign immunity from intentional torts, including fraud. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2); *RWJ Mgmt. Co. v. BP Products N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012) (providing presumption that court will relinquish jurisdiction over supplemental state law claims may be overcome "when it is absolutely clear how the pendent claims can be decided".) In response, Plaintiff states even if his intentional tort claim against Defendant is barred under the TTCA, his negligence claim is not.

"Texas law does not allow a plaintiff to avoid the bar of governmental immunity by describing essentially intentional conduct as an act of negligence." *Lopez-Rodriguez v. City of Levelland, Tex.*, 100 Fed. App'x 272, 275 (2004). However, "the fact that an action for an intentional tort is barred does not prevent an injured party from pursuing a claim for simple negligence arising out of the same facts." *Hucker v. City of Beaumont*, 144 F. Supp. 2d 696, 709 (E.D. Tex. 2001) (citing *Jefferson County v. Sterk*, 830 S.W.2d 260, 261 (Tex. App.—Beaumont 1992, no writ history); *Texas Dept. of Mental Health and Mental Retardation v. Petty*, 848 S.W.2d 680, 685 (Tex. 1992)).

Here, Plaintiff's original complaint alleges that Defendant "knew or should have known" that its actions in refusing to provide Plaintiff with the appropriate bedding

caused him "physical discomfort, mental anguish, and emotional despair and embarrassment." D.E. 1, Ex. A, p. 5.  Plaintiff further alleges that Defendant acted "purposely, maliciously, deliberately, deceptively, and fraudulently" when it provided him with an altered copy of TCJS rules regarding bedding in order to cover up its violation. *Id.* at 3.  Thus, Plaintiff appears to plead separate and distinct claims for negligence and fraud.

Defendant does not address Plaintiff's negligence claim, and it is not "absolutely clear" how this claim should be resolved. Defendant's objection that Plaintiff has failed to state any claim for which relief can be granted under Texas law is therefore **OVERRULED**, and the Court need not consider Defendant's complaints regarding Plaintiff's claim for TCJS violations.

Defendant offers no other basis for supplemental jurisdiction, and the Court can find no reason under any of the *Gibbs* factors to depart from the general rule that a federal court should decline exercising supplemental jurisdiction over state law claims when all federal claims have been dismissed.

## III. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendant's objections, Plaintiff's response, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, it is hereby **ORDERED** as follows:

(1) Defendant's Rule 12(b)(6) Motion to Dismiss (D.E. 7) is **GRANTED** as to any and all federal claims that Plaintiff raised or could have raised, and these claims are **DISMISSED** with prejudice;

(2) Plaintiff's state law claims are **DISMISSED** without prejudice and are **REMANDED** to the 105th Judicial District Court of Nueces County, Texas; and

(3) all other pending motions are **DENIED** as moot.

ORDERED this 19th day of June, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE